JOURNAL ENTRY and OPINION.
{¶ 1} Appellant was found guilty of possession of less than one gram of crack cocaine in violation of R.C. 2925.11, and was sentenced to 12 months' imprisonment, the maximum term. He now argues that the sentence should be reversed and the matter remanded for resentencing, because the court failed to ensure that the sentence imposed was consistent with similar sentences imposed for similar offenders, as required by R.C. 2929.11(B).
 {¶ 2} At sentencing, the court noted that this offense was the 28th criminal conviction for this 42 year old man. Prior offenses included aggravated burglary, aggravated robbery, aggravated arson, grand theft, forgery, uttering, passing bad checks, breaking and entering, receiving stolen property, obstruction of official business, and tampering with records. A sentence imposed on appellant in 1991 ordered drug treatment, which the court found to indicate a history of drug abuse prior to this offense.
 {¶ 3} At the conclusion of the sentencing hearing, the court imposed a sentence of 12 months' imprisonment, and stated:
 {¶ 4} "But I want the record to indicate that this individual has a long history of criminal convictions, of very serious crimes. He has a very high rate for recidivism and constitutes a likely threat of further criminal activity.
 {¶ 5} "He has crimes that occurred while he was on bond and on bail. He has not responded favorably to community control sanctions in the past. He continues to use drugs. He has lied to the Court.
 {¶ 6} "I think that a sentence less than the maximum would demean the significance of the offense and his criminal conduct."
 {¶ 7} Appellant now urges that the court did not engage in the analysis required by R.C. 2929.11(B), which directs the court to impose a sentence which is, among other things, "consistent with sentences imposed for similar crimes committed by similar offenders." Appellant has not shown that the court did not engage in this analysis. Unlike many other parts of the sentencing statutes, R.C. 2929.11(B) does not require the court to make express findings. Cf. State v. Edmondson (1999),86 Ohio St.3d 324. Thus, the lack of any express finding that appellant's sentence was consistent with the sentences imposed for similar crimes by similar offenders is neither surprising nor erroneous. There is nothing in the record to demonstrate that the court did not consider the sentences imposed for similar crimes by similar offenders. In fact, the court's judgment entry expressly finds that "prison is consistent with the purpose of R.C. 2929.11." Therefore, appellant has failed to demonstrate any error by the common pleas court.
 {¶ 8} On the other hand, the court did comply with the dictates of2929.19(B)(2)(c), which requires the court to make a finding that gives its reasons for imposing the maximum term of imprisonment. Under R.C.2929.14(C), the court may impose the maximum prison term "upon offenders who poses the greatest likelihood of committing future crimes." The court here found that appellant posed a very high likelihood of recidivism, justifying the maximum term of imprisonment.
Affirmed.
PATRICIA A. BLACKMON, J. CONCURS.
TERRENCE O'DONNELL, J. CONCURS WITH SEPARATE CONCURRING OPINION.